FILED
2007 Jul-30 PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRI AQUA, ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-PWG-2225-E |
| | ) |
| APC EQUIPMENT & SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF DECISION

On June 12, 2007 this court entered a default in favor of plaintiff Tri Aqua, LLC against APC Equipment & Service, Inc. (doc. #79). The matter is before the undersigned magistrate judge pursuant 28 U.S.C. § 636(c) (see doc. #31). The June 12, 2007 order outlined the procedural history of this action and directed defendant APC to appear at a hearing with respect to damages and other relief on July 20, 2007. The order also directed APC to notify the court in writing not later than July 9, 2007 of any intent to appear and contest damages. The order provided that in the absence of such notice, the court would consider affidavits or other evidence submitted by the plaintiff. On July 20, 2007 plaintiff Tri Aqua appeared through counsel. APC Equipment & Service, Inc. failed to appear. Moreover, APC Equipment & Service, Inc. did not respond to the court's June 12, 2007 order before or after July 9, 2007.[1] Accordingly, the court has accepted evidence including the affidavit of John Sharp Roberts in support of damages with respect to a judgment in default.

---

[1] Plaintiff's former counsel, Lewis W. Page, Jr., filed a Certification (doc. #80) on July 9, 2007 affirming that APC Equipment & Service, Inc. had notice of the hearing and provisions of the June 12, 2007 Order. Mr. Page is to be commended for his professional service to his client, plaintiffs, and the court under difficult circumstances.

The affidavit identified Roberts as a managing member of plaintiff Tri Aqua, LLC with personal knowledge of the basis of the litigation, the prayer for relief, and the damages incurred by plaintiff. Roberts's attests that APC Equipment & Service has lost profits in the amount of $276,549 and incurred attorneys fees of $65,000.

Plaintiff seeks relief in accord with Title 8-19-10, *Code of Alabama* (1975) which provides for actual damages (a)(1) and treble damages in the court's discretion (a)(2). Plaintiff's amended complaint also sought injunctive relief in the nature of an accounting and an order of prohibition with respect to the use of trademarks, service marks, copyright and other intellectual property that are the exclusive possessions of plaintiff.

After consideration of the evidence the court finds that judgment is appropriately entered in the amount Three Hundred Forty-One Thousand, Five Hundred Forty-Nine ($341,549.00) and No/100 Dollars. Moreover, it is ALSO ORDERED that defendant APC Equipment & Services, Inc. cooperate in any accounting which may be sought by the plaintiff within twelve months from the date of the entry of this order. APC Equipment & Services, Inc. is PROHIBITED from directly or indirectly infringing on the copyrighted audiovisual works of plaintiff and, further, defendant APC is DIRECTED to destroy all copies of any tangible medium in possession or control of the defendant APC which contains any portion of the audiovisual work of plaintiff.

As to the foregoing it is SO ORDERED this the 30th day of July, 2007.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE