IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

BON AQUA INTERNATIONAL, INC., )
& AQUADYNE, INC., [TRI AQUA], )
  )
      Plaintiffs, )
  )
v. ) CIVIL ACTION NO. 05-PWG-2225-E
  )
APC EQUIPMENT & SERVICES, INC., )
  )
      Defendant. )

MEMORANDUM OF DECISION

This matter is before the court for consideration of the motion of Tri Aqua, a plaintiff in the above-captioned civil action, for an entry of judgment pursuant to Rule 54(b), *Federal Rules of Civil Procedure*. (Doc. #84). The procedural history of this action is complicated. Plaintiffs have amended the complaint in this action on four separate occasions. (See doc. #1, #12, #23, #30, #33). Initially, two plaintiffs sued APC Equipment. The third amended complaint included Tri Aqua, LLC as a plaintiff. The fifth amended complaint added defendant Heatran Corporation, Inc. (Doc. #33).[1/] The fifth amended complaint reasserted the plaintiffs' initial claims that APC had infringed upon copyrighted audio visual work allegedly the property of plaintiffs. Count one of the amended complaint alleged a violation of a copyright infringement (17 U.S.C. § 101). Count two alleged a trademark infringement (15 U.S.C. § 1125(a)). Count three sounded in federal unfair competition and false designation and advertising (15 U.S.C. § 1125(a)). Count four alleged a violation of

---

[1/]     The fifth amended complaint asserted that "venue in this district [the Northern District of Alabama] pursuant to 28 U.S.C. § 1391(b)(2) [is proper] in that a substantial part of the events or omissions giving rise to the claim occurred within this district." (Doc. #33, ¶ 4). That assertion may be suspect in light of the posture of the action today.

Alabama's Defective Trade Practices Act (§ 8-19-1, *Code of Alabama* (1975)).  Count five asserted an Alabama common law action of unjust enrichment and count six sought an accounting.  Heatran Corporation, apparently a Louisiana entity, was alleged to have acted in concert with defendant APC with respect to the copyright claims.[2/]  The plaintiffs assert their common law cause of actions against Heatran apparently premised upon the events related to the Shreveport, Louisiana Post Office as well.

Well after the appearance of Heatran in this action, an entry of default and later a default judgment was entered against defendant APC pursuant to the authority of Rule 37, *Federal Rules of Civil Procedure*.  The default judgment was predicated upon APC's persistent refusal to aid its attorney in the defense of the action and comply with discovery orders.  In entering the default and subsequently the judgment, the court addressed the merits of the claims against APC only in the context of Rule 37.[3/]

In determining the propriety of a Rule 54(b) order, a district court must follow a two-step analysis.  First, the court must determine that its final judgment is, in fact, both "final" and a "judgment."  *Curtis-Light Right Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980).  That is, the court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims' action,'" and a "'judgment' in the sense that it is a decision upon which a cognizable claim for relief.'" (*Id.*, citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed.2d 1297 (1956)).

---

[2/] "Upon information and belief, defendant APC Equipment and/or Heatran made false statements to at least one potential customer, the Shreveport Post Office, which caused the Post Office to believe that it was being sold genuine Bon Aqua products...." (Doc. #33, pp. 9-10, ¶ 31).

[3/] The court did, however, undertake to ensure that despite the default the plaintiffs had sought relief pursuant to legal theories which would entitle plaintiffs to recovery had they prevailed on the merits.

If the court determines that the decision was final, the court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable. *Id*. at 8, 100 S.Ct. at 1465. The Eleventh Circuit has made clear that the first prong of the Rule 54(b) inquiry is that a judgment is required to "dispose[ ] entirely of a separable claim or dismiss a party entirely" in order to be considered "final." *Brandt v. Bassett (In re Southeastern Banking Corporation)*, 69 F.3d 1539, 1547 (11th Cir. 1995).

The default judgment directed toward defendant APC resolves all outstanding claims made by plaintiffs against APC. While the complaint avers concerted action between APC and the last added defendant Heatran Corp., the default judgment leaves unaltered plaintiffs' claim against Heatran. Given the nature of the judgment against APC, it is unlikely if not impossible that the appeal of the default judgment would produce piecemeal consideration of the litigation as a whole. The default judgment made no finding that would impede Heatron's ability to defend against the law suit. At the same time, if this court erred in the entry of default judgment, an expeditious review of that decision if sought by APC would be of value to both plaintiffs and the defendants. In light of the procedural posture of this action there is no just cause for delay in certifying the appealability of the entry of the default judgment and the relief awarded to plaintiffs.

Accordingly, by separate order the default judgment will be made final and appealable in accord with the provisions of Rule 54(a) and (b).

The clerk is DIRECTED to serve a copy of this order on defendant APC Equipment & Service, Inc. and Lewis W. Page, former counsel to APC. Mr. Page is requested, not ordered, to attempt to ensure APC is aware of the contents of this Memorandum and accompanying Final Judgment.

As to the foregoing it is SO ORDERED this the 14th day of August, 2007.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE